IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIC CRAFT, ) | |
|     Petitioner, ) | Case No. 7:22-cv-00087 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| J.C. STREEVAL, WARDEN, ) | Chief United States District Judge |
|     Respondent. ) | |

## MEMORANDUM OPINION

Eric Craft, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Craft challenges the validity of his conviction in the United States District Court for the Middle District of Pennsylvania. Upon review of the petition, the court concludes that Craft cannot satisfy all of the requirements for proceeding under § 2241. Therefore, the petition is **DISMISSED** without prejudice for lack of jurisdiction.

### I.   BACKGROUND

In 2002, Craft entered a plea of guilty to a superseding information, which charged him with causing the death of another by the use of a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(j). See United States v. Craft, 514 F. App'x 91, 92 (3d Cir. 2013). He was subsequently sentenced to a term of imprisonment of 480 months, and the United States Court of Appeals for the Third Circuit affirmed his conviction and sentence on direct appeal. Id. (citing United States v. Craft, 139 F. App'x 372 (3d Cir. 2005)). In 2006, the Middle District of Pennsylvania denied Craft's first motion to vacate under 28 U.S.C. § 2255, and the Third Circuit declined to issue a certificate of appealability. Id. (citing United States v. Craft, No. 07-1060 (3d Cir. July 30, 2007)). Since then, Craft has filed numerous post-conviction motions, all of which have been denied. Id.; see also United States v. Craft, No. 1:02-cr-00011,

2018 U.S. Dist. LEXIS 107394, at *4–9 (M.D. Pa. June 27, 2018) (summarizing Craft's post-conviction filings).

Craft is presently incarcerated at USP Lee in Pennington Gap, Virginia. He filed the current petition on February 14, 2022.* Craft argues that he is "factually innocent" of the offense with which he was charged. Pet., ECF No. 1, at 6; see also id. at 1 (asserting that his petition is based on a claim of actual innocence). He further contends that "he is entitled to seek relief under 28 U.S.C. § 2241 based on the Fourth Circuit's decision in In re Jones, 226 F.3d 328 (4th Cir. 2000)." Id. at 3.

## II.   DISCUSSION

When a federal prisoner seeks to challenge the validity of a conviction or sentence, he ordinarily must file a motion to vacate under § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, "§ 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 425–426 (4th Cir. 2018). The petitioner bears the burden of demonstrating that he satisfies the savings clause requirements. See Hood v. United States, 13 F. App'x 72 (4th Cir. 2001).

"In evaluating a § 2241 petition brought pursuant to the savings clause, [the court must] consider Fourth Circuit procedural law but the substantive law of the circuit in which the

---

* This is the fourth § 2241 petition filed in this district in the past two years. The earlier petitions were dismissed for lack of jurisdiction. See Craft v. Breckon, No. 7:19-cv-0317, 2020 U.S. Dist. LEXIS 46012 (W.D. Va. Mar. 17, 2020); Craft v. Streeval, No. 7:20-cv-00779, 2021 U.S. Dist. LEXIS 223983 (W.D. Va. Nov. 19, 2021); Craft v. Streeval, No. 7:21-cv-00204, 2021 U.S. Dist. LEXIS 230390 (W.D. Va. Dec. 1, 2021).

petitioner was convicted." Diaz v. Warden FCI Bennettsville, 858 F. App'x 664, 665 (4th Cir. 2021) (citing Hahn, 931 F.3d at 300–01). In the case of In re Jones, the Fourth Circuit established a three-part test for determining when a federal prisoner can challenge a conviction by way of the savings clause. 226 F.3d at 333–34. Under that test, § 2255 is inadequate and ineffective to test the legality of a conviction when the following requirements are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (paragraph breaks added). If any one of these requirements is not satisfied, the court may not entertain a § 2241 petition challenging the validity of a federal conviction. See Wheeler, 886 F.3d at 425.

In this case, Craft fails to meet the second requirement of In re Jones. He does not identify any case decided by the Supreme Court or the Third Circuit—the circuit in which he was convicted—that changed the substantive law applicable to his conviction such that his conduct is no longer criminal. Although Craft's petition includes citations to two Third Circuit cases, neither decision enables him to satisfy the second requirement.[*]

---

[*] Craft also references "Skilling" without providing a full case name or citation. See Pet. at 7. To the extent Craft is referring to Skilling v. United States, 561 U.S. 358 (2010), the Supreme Court's decision did not alter the substantive law applicable to Craft's conviction under 18 U.S.C. § 924(j), much less render his conduct noncriminal See Skilling, 561 U.S. at 367–68 (rejecting the defendant's fair-trial argument but concluding that his alleged misconduct did not fall within the meaning of the honest-services statute, 18 U.S.C. § 1346, since it entailed no bribe or kickback).

The first case, United States v. Schiff, 602 F.3d 152 (3d Cir. 2010), involved criminal charges brought against two pharmaceutical executives who purportedly orchestrated a securities fraud scheme in violation of 15 U.S.C. § 78j(b) and Securities and Exchange Commission ("SEC") Rule 10b-5. 602 F.3d at 155–56. Thus, the case involved starkly different offenses, and neither issue on appeal has any relevance to Craft's case. See id. at 156 ("On appeal are two issues: (1) whether the District Court properly dismissed the Government's theories of omission liability under Rule 10b-5 that attempted to hold Schiff accountable for omissions in quarterly SEC 10-Q filings . . . ; and (2) whether the District Court abused its discretion in excluding the Government's expert, following a Daubert hearing, who would have testified to [the pharmaceutical company's] stock price drop as evidence of Rule 10b-5's materiality.").

In the second case, United States v. Huet, 665 F.3d 588, 592 (3d Cir. 2012), the government appealed from an order dismissing an indictment that charged the defendant with aiding and abetting possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2. The Third Circuit reversed the district court's order and remanded the case for further proceedings, finding that the indictment "was sufficient to state an offense for aiding and abetting a felon in possession . . . ." Id. at 603; see also id. at 596 (concluding that the indictment "adequately set forth the required elements under § 922(g)(1) and § 2, with sufficient factual orientation to allow Huet to prepare her defense and invoke double jeopardy") (internal quotation marks and citation omitted). Craft does not point to anything in Huet that undermines the validity of his conviction. Although the decision involved a firearm-related offense, it did not alter the substantive law applicable to Craft's conviction under 18 U.S.C. § 924(j) or render his conduct noncriminal.

Because Craft has not shown that the substantive law changed such that the conduct of which he was convicted is no longer criminal, his petition does not satisfy all of the requirements of In re Jones. Consequently, Craft cannot challenge the validity of his conviction under § 2241.

### III.   CONCLUSION

For the reasons stated herein, the court concludes that Craft cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of 28 U.S.C. § 2255(e). Therefore, the court **DISMISSES** Craft's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: May 2, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.05.02 15:03:17
-04'00'

Michael F. Urbanski
Chief United States District Judge